UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'NEATER J. GEORGE,<br><br>                              Plaintiff,<br><br>    v.<br><br><br>OCWEN LOAN SERVICES, LLC,<br><br>                              Defendant. | CASE NO. 15cv1929-GPC(BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**[Dkt. No. 2]**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On August 31, 2015, Plaintiff O'Neater J. George ("Plaintiff"), proceeding pro se, filed a complaint against Ocwen Loan Services, LLC ("Defendant"). (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint for failure to state a claim on which relief may granted.

### Discussion

**A.    Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

of $400. <u>See</u> 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051 (9th Cir. 2007); <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submitted a declaration indicating that he receives retirement income of $1,413.00/ month and has $3.29 in a checking account. (Dkt. No. 2 at 2.) Plaintiff owns a home valued at $336,000 and a 2007 PT Cruiser. (<u>Id.</u> at 3.) Plaintiff states he has monthly expenses of $1396.66. (<u>Id.</u> at 4.) Based on Plaintiff's application, he has sufficiently shown that he is unable to pay the required filing fee. Therefore, the Court GRANTS Plaintiff's motion for leave to proceed IFP.

**B.   Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 make and rule on its own motion

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. <u>See</u> 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. <u>Id.</u>

1   to dismiss before directing that the complaint be served by the U.S. Marshal pursuant

2   to Federal Rule of Civil Procedures 4(c)(2). Lopez, 203 F.3d at 1127.

3       Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short

4   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

5   Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff

6   must plead sufficient facts that, if true, "raise a right to relief above the speculative

7   level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim

8   upon which relief may be granted "a complaint must contain sufficient factual matter,

9   accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

10  Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is

11  facially plausible when the factual allegations permit "the court to draw the reasonable

12  inference that the defendant is liable for the misconduct alleged." Id. In other words,

13  "the non-conclusory 'factual content,' and reasonable inferences from that content,

14  must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.

15  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint

16  states a plausible claim for relief will . . . be a context-specific task that requires the

17  reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S.

18  at 679.

19      Federal courts are also courts of limited jurisdiction.  They can adjudicate only

20  those cases which the Constitution and Congress authorize them to adjudicate, i.e.

21  those involving diversity of citizenship, a federal question, or to which the United

22  States is a party. See Finley v. United States, 490 U.S. 545 (1989). Federal courts are

23  presumptively without jurisdiction over civil actions and the burden of establishing the

24  contrary rests upon the party asserting jurisdiction. See Kokkonen v. Guardian Life

25  Ins. Co., 511 U.S. 375, 377 (1994).

26      Here, Plaintiff makes general factual allegations as to discrepancies in his loan

27  application and his mortgage, the delinquencies in his mortgage payment and

28  Defendant's indication that it would assist in modifying the loan but did not. (Dkt. No.

[15cv1929-GPC(BGS)]

1.) Plaintiff does not allege facts sufficient to state a claim for relief, and does not state a basis for federal subject matter jurisdiction.  Accordingly the Court *sua sponte* DISMISSES the complaint for failure to state a claim and lack of subject matter jurisdiction.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to proceed IFP and *sua sponte* DISMISSES Plaintiff's complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED:  September 23, 2015

HON. GONZALO P. CURIEL
United States District Judge